UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE WOODARD, | ) | Case No.: 1:98 CV 1403 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BETTY MITCHELL, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Pending before the court are Petitioner, Eugene Woodard's ("Woodard") Motion to Clarify Journal Entry of 9-30-2005, (ECF No. 139)("Motion to Clarify"), and Motion to Alter or Amend Judgment pursuant to Fed. R. of Civ. P. 59(e), (ECF No. 141)("Motion to Alter or Amend" or "Rule 59(e) Motion"). Also before the court is the Respondent's opposition to the Motion to Alter or Amend (ECF No. 143). For the following reasons, the court grants the Motion to Clarify and denies the Motion to Alter and Amend.

On September 30, 2004, the court issued a Memorandum of Opinion, denying Woodard's third through thirty-first claims for relief raised in the petition (ECF No. 110). The court reserved ruling on Woodard's first and second grounds for relief until after the factual development of these claims. On June 14 and July 25, 2005, the court held an evidentiary hearing regarding Woodard's first and second grounds for relief, in which he alleged ineffective assistance of counsel during the mitigation phase of the trial (ECF No. 125, 134). On September 30, 2005, the court issued its

Memorandum of Opinion, granting Woodard relief on his first and second claims, and vacating his sentence of death (ECF No. 137). Concurrent with issuing the Memorandum of Opinion, the court issued a Judgment Entry certifying claim eight for appeal. Although it previously had issued a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) as to a sub-claim of claim for relief twelve, the court observed in the Judgment Entry that the sub-claim was procedurally defaulted and therefore was not eligible for a COA (ECF No. 138). Woodard thereafter filed the instant Motion to Clarify and Motion to Alter and Amend.

## I. MOTION TO CLARIFY

Woodard requests that the court clarify its position as to whether it has issued a COA as to the above-referenced sub-claim of his twelfth claim for relief. In that sub-claim, Woodard argued that the trial court erred when it charged the jury that it had to reach a unanimous verdict in order to render a sentence of death. In its Opinion dated September 30, 2004, the court held that this sub-claim was procedurally defaulted (ECF No. 110, at 79). Although Woodard raised it during post-conviction proceedings, the Ohio Court of Appeals found that the claim was barred by *res judicata* because he should have raised it on direct appeal. Alternatively, the court held that, pursuant to *Jones v. United States*, 527 U.S. 373 (1999), Woodard's claim lacked merit. When conducting a COA review at the conclusion of the Memorandum of Opinion, however, the court erroneously overlooked the defaulted status of the claim and issued a COA on the merits of the claim. *Id.* at 106-7. It noted this error when it issued its Judgment Entry.

As the court observed in the Memorandum of Opinion, the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000), held that 28 U.S.C. § 2253 requires a different COA analysis depending on the defaulted status of a claim. If the claim is not procedurally defaulted,

then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. A more complicated analysis is required, however, when assessing whether to grant a COA for a claim the district court has found to be procedurally defaulted. In those instances, the Court opined, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

Applying that standard to the unanimity instruction sub-claim, it is clear that no COA may issue for this claim. No jurist of reason would debate that Woodard failed to raise this claim on direct appeal as he was required to do under Ohio law. Equally undebatable is the Ohio Court of Appeals' finding that Woodard's claim was barred from a merit review based on *res judicata*. Accordingly, the court grants Woodard's motion to clarify its Judgment Entry and holds that it incorrectly overlooked the defaulted status of the claim when it issued a COA for it. Therefore, the court will not issue a COA for this sub-claim of Woodard's twelfth claim for relief.[1]

## II. MOTION TO ALTER AND AMEND

Woodard moves the court to alter or amend its Memorandum of Opinion of September 30, 2004, in two instances. First, he requests that the court reconsider its ruling that the jury unanimity instruction claim does not fall within the purview of *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003). Woodard also asks the court to issue a COA for Woodard's thirty-first claim for relief, in which Woodard asserted that the Ohio Supreme Court did not afford him a constitutionally sufficient

---

[1] Woodard argues in his Motion to Alter or Amend that he can establish cause and prejudice to excuse the default of this claim. The court addresses this argument below, finding that he has not done so.

-3-

review of his ineffective assistance of appellate counsel claim when it denied his application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the court previously considered. *Keweenaw Bay Indian Cmty. v. United States*, 940 F.Supp.1139, 1141 (W.D. Mich. 1996). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather than filing a Rule 59(e) motion, the proper action for a party seeking redress on issues previously litigated is to appeal. *Keweenaw Bay Indian Cmty.*, 940 F.Supp. at 1141; *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991).

### A. Twelfth Claim for Relief

Woodard urges the court to alter and amend its judgment pertaining to his twelfth claim in several respects. First, he asks that the court find that, although the claim is procedurally defaulted, he can utilize ineffective assistance of appellate counsel ("IAAC") as cause and prejudice to excuse the default. Woodard notes that the court previously held that he could potentially use IAAC as cause to excuse the procedural default of claims raised in the petition (ECF No. 103). He asserts that because the court mistakenly concluded that Woodard did not raise a *Davis* claim in his twelfth ground for relief, the court did not properly review the merits of his claim as it was required to do

under the prejudice prong of an IAAC claim. Thus, Woodard insists, the court has never explored this avenue for excusing the procedural default of the claim. Additionally, Woodard asserts that his twelfth claim for relief was raised "under the principles considered in *Davis*." (ECF No. 141, at 8). Consequently, Woodard contends that the court should alter its judgment by both finding that Woodard can establish cause and prejudice to excuse the default of this claim and that the claim is meritorious.

The court finds neither assertion to be well-taken. First, the court cannot excuse the default of Woodard's twelfth claim for relief based on IAAC. To excuse a procedural default on this ground, Woodard must first establish that his appellate counsel acted unreasonably and to his prejudice pursuant to *Strickland v. Washington*, 466 U.S. 688 (1984). At the time of Woodard's trial and appeal, the jury instruction the trial court provided comported with Ohio law. *See* Ohio Rev. Code § 2929.03(D)(2)(1985).[2] Counsel cannot be held ineffective for failing to anticipate that the *Davis* court would subsequently find the instruction to be constitutionally infirm. *See Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999)(finding that only in "rare cases" will a court find ineffective assistance based on counsel's failure to raise a claim that would have been overruled under then-prevailing law); *Sistrunk v. Vaughn*, 96 F.3d 666 (3d Cir. 1996)(holding counsel under

---

[2]  That statute states in relevant part:
> If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

Ohio Rev. Code § 2929.03(D)(2)(1985).

no general duty to anticipate changes in law).  Thus, appellate counsel's failure to foresee the Sixth Circuit's decision to strike down the jury instruction does not constitute IAAC.  The court finds that Woodard cannot use IAAC as cause and prejudice to excuse the procedural default of his twelfth claim.  Accordingly, the court will not alter or amend its judgment as to the defaulted status of this claim.

Equally unpersuasive is Woodard's assertion that he actually raised a *Davis* claim in the Petition.  Although Woodard argues that he filed several supplemental authority briefs regarding the juror unanimity issue, those notices cannot supplant the requirement to amend the petition.  Woodard filed two motions to amend the Petition while the case was pending, neither of which pertained to Woodard's twelfth claim for relief (ECF Nos. 94, 95).  A habeas court may only consider claims that are presented in the petition.  *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  Thus, Woodard's argument that he could augment his claim through supplemental notices of authority lacks merit.  The court will not alter or amend its decision that Woodard failed to raise a *Davis* claim in the Petition.[3]

**B. COA for Thirty-first Claim for Relief**

---

[3] Even if Woodard had raised a *Davis* claim in the Petition, moreover, it would have been procedurally defaulted because he failed to raise it on direct appeal.  Although Woodard argued in the Traverse that he did raise this claim on direct appeal, a review of his state appellate brief reveals that Woodard raised a claim asserting that the unanimity requirement in Ohio's death penalty statutes renders them unconstitutional.  That claim is distinct from a *Davis* claim, which addresses constitutional error arising from a trial court's mitigation-phase jury instruction.  For a claim to be preserved for federal habeas review, it must be brought under the same theory in both the state and federal courts.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

Woodard next requests that the court alter or amend its decision to deny a COA as to his thirty-first ground for relief. In that claim, Woodard asserted that the process for applying to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B) violates the Constitution as interpreted by *Anders v. California*, 386 U.S. 738 and as refined by *Smith v. Robbins*, 528 U.S. 259 (2000). In those cases, the United States Supreme Court held that the states must maintain an appellate review system whereby indigent appellants can receive an adequate review of their claims even when appointed counsel finds the appeal to be wholly frivolous. *Smith*, 528 U.S. at 271. Woodard interprets *Smith* to require the Ohio Supreme Court to review his application to reopen claims not only on the merits, but to determine whether the claims are frivolous. He asserts that because the Ohio Supreme Court merely reviewed his case on the merits, yet not for frivolity, the *Murnahan* process should be declared unconstitutional.

In its Memorandum of Opinion addressing the merits of this claim, the court noted that Woodard's claim was predicated on the assumption that Rule 26(B) was part of the direct appeal process. Woodard cited to *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000) to support this proposition. Prior to ruling on the merits of this claim, the court presumed, for argument's sake, that Woodard's assertions were correct. *See* ECF No. 110, at 99 ("For purposes of this review, the court presumes, without finding, that these assumptions are correct"). Since the court issued its Opinion on this issue, however, the Sixth Circuit has overruled *White*, concluding that "Rule 26(B) creates a collateral post-conviction procedure, and is not part of the direct right of appeal." *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005). Thus, the legal conclusion on which Woodard based his claim, i.e., that he had a Sixth Amendment right to counsel when filing an application to reopen because it was part of the direct appeal, has been eviscerated. Woodard cannot establish, as he must to

prevail under Rule 59(e), that the court's decision was manifestly unjust. Accordingly, the court denies Woodard's request to alter or amend its judgment to deny a COA for the thirty-first claim for relief.

### III. CONCLUSION

For the foregoing reasons, the court grants Woodard's Motion to Clarify (ECF No. 139) and finds that no COA will issue for Woodard's twelfth ground for relief. Additionally, the court denies the Motion to Alter or Amend Judgment pursuant to Rule 59(e)(ECF No. 141).

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 15, 2006